PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-00083 GEB |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION PURSUANT TO FED. R. CRIM. P. 46(f) FOR ORDER DECLARING BOND FORFEITED |
| v. | |
| RUSLAN KIRILYUK, | |
| Defendant. | |

## I.   INTRODUCTION

Pursuant to Fed. R. Crim. P. 46(f), the United States of America, by and through its undersigned attorneys, hereby requests that the Court declare the forfeiture of the $25,000 bond posted in this case on behalf of defendant Ruslan Kirilyuk.

## II.   BACKGROUND

On August 25, 2015, Ruslan Kirilyuk was charged by superseding indictment with 24 counts of wire fraud, in violation of 18 U.S.C. § 1343, two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A, for his role in a credit card fraud scheme. See United States v. Melkonyan, et al., Case No. 2:14-cr-00083 GEB, ECF No. 91.[1]  An

---

[1] Unless otherwise indicated by docket numbers, ECF references pertain to United States v. Melkonyan, et al., Case No. 2:14-cr-00083 GEB (E.D. Cal.).

1

1 arrest warrant was issued.

2     On September 8, 2015, Kirilyuk made his initial appearance in the Central District of California
3 before United States Magistrate Judge Paul L. Abrams. During that hearing, the defendant was released
4 on a $25,000 unsecured appearance bond to be signed by his sister, Alice Kirilyuk. See ECF No. 84, 3.
5 One of the conditions of release, which the defendant acknowledged by his initials and signature, was
6 that he would "appear in person in accordance with any and all directions and orders relating to my
7 appearance in the above entitled matter as may be given or issued by the Court or any judicial officer
8 thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court
9 to which I may be removed or to which the case may be transferred." Id. Further, defendant
10 acknowledged and signed the following: "I further understand that if I fail to obey and perform any of
11 the general and/or additional conditions of release of this bond, this bond may be forfeited to the United
12 States of America." Id. at 6.

13     On September 11, 2015, Kirilyuk filed an unopposed ex parte application to modify his bail
14 conditions. See Case No. 2:15-mj-01677 (C.D. Cal.), ECF No. 8. In that application, the defendant
15 sought the opportunity to substitute as surety to his bond his girlfriend, Kate Drapkin, in place of Alice
16 Kirilyuk. See id. at 2. The application further stated that Ms. Drapkin's annual income was $40,000,
17 and that Alice Kirilyuk's work schedule prevented her from being able to sign the requisite paperwork
18 during the U.S. Attorney's Office's business hours. See id.

19     On September 23, 2015, Kirilyuk's bond was modified to provide for "Kate Drapkin" as the new
20 surety on his $25,000 bond, in place of Alice Kirilyuk. See Case No. 2:15-mj-01677 (C.D. Cal.), ECF
21 No. 10. In turn, Ms. Drapkin, listing her full first name as "Ekaterina," signed under penalty of perjury
22 an acknowledgment as to her obligation to pay the United States of America $25,000 in the event the
23 bond was forfeited. See Case No. 2:15-mj-01677 (C.D. Cal.), ECF No. 12.

24     On September 25, 2015, Kirilyuk appeared for an arraignment and detention hearing before
25 United States Magistrate Judge Allison Claire. During that hearing, the defendant was ordered to
26 remain on pretrial release on the same unsecured bond of $25,000 with accompanying conditions, and
27 advised of the penalties should he fail to appear for trial. See ECF No. 89.[2]

---

[2] Insofar as the minutes of the appearance do not reflect the admonition given to the defendant,

2

On January 6, 2017, Kirilyuk and his counsel appeared at a trial confirmation hearing before United States District Judge Garland E. Burrell, Jr.  At that hearing, the parties confirmed for trial beginning February 7, 2017.  See ECF No. 131.

On February 7, 2017, Kirilyuk failed to appear for his trial as scheduled, and Judge Burrell issued a no-bail bench warrant for his arrest.  See ECF No. 159.

### III. VENUE

Although the bond was initially signed in the Central District of California, the government may move for an order of forfeiture in the district where the failure to appear occurred.  See United States v. Abernathy, 757 F.2d 1012, 1015 (9th Cir. 1985).  The defendant failed to appear in the Eastern District of California.  See ECF No. 159 ("The defendant Ruslan Kirilyuk did not appear for trial as scheduled.").  Accordingly, venue in this district is proper.

### IV. ARGUMENT

The defendant's failure to appear for trial as ordered must result in the forfeiture of his bond.  "The law on bail forfeiture is neither complex nor voluminous."  United States v. Nguyen, 279 F.3d 1112, 1115 (9th Cir. 2002).  Federal Rule of Criminal Procedure 46(f)(1) provides that a Court "must declare the bail forfeited if a condition of the bond is breached."  Fed. R. Crim. P. 46(f)(1); see 18 U.S.C. § 3146(d).  "The forfeiture is thus mandatory."  Nguyen, 279 F.3d at 1115.  In this case, as described above, one of the conditions of the defendant's bond was to appear as directed for court appearances, and he was specifically advised to appear for trial.  He failed to abide by that condition by failing to appear for trial.  Accordingly, pursuant to Fed. R. Crim. P. 46(f)(1) and 18 U.S.C. § 3146(d), an order declaring the $25,000 bond forfeited is appropriate.

Pursuant to Fed. R. Crim. P. 46(f)(3)(B), a surety irrevocably appoints the district clerk as its agent for service of process.  Rule 46(f)(3)(C) provides that the government must serve any motion on the district clerk, and the district clerk must promptly mail a copy to the surety at its last known address.  Accordingly, the government requests that the clerk be directed to serve a copy of this motion and the proposed order on the surety, at the address contained in the proposed order.

---

the government respectfully refers the Court to the audio recording of the September 25, 2015 hearing.

3

Following a declaration of forfeiture, the Court may enter a default judgment against the persons obligated under the bond, or set aside the forfeiture order in whole or in part.  <u>See</u> Fed. R. Crim. P. 46(f)(2)–(3).  However, a decision on those next steps—whether to enter a default judgment or set aside or remit any of the bond—can be deferred until a subsequent motion by the government for a default judgment and execution thereof, or in adjudicating any challenge to the instant motion and proposed order brought by the receiving surety.

## V.   CONCLUSION

For the foregoing reasons, the United States requests that the Court sign the accompanying proposed Order declaring that the bond is forfeited.  The United States will propose future hearings and scheduling as necessary to effectuate the Order.

Dated:  March 15, 2017                                          PHILLIP A. TALBERT
                                                                                  United States Attorney

                                                                          By:   /s/ MATTHEW M. YELOVICH
                                                                                  MICHAEL D. ANDERSON
                                                                                  MATTHEW M. YELOVICH
                                                                                  Assistant United States Attorneys

4

PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RUSLAN KIRILYUK, <br><br> Defendant, <br><br> and <br><br> EKATERINA DRAPKIN, <br><br> Surety. | CASE NO. 2:14-CR-00083 GEB <br><br> [PROPOSED] ORDER DECLARING FORFEITURE OF THE BOND |

**ORDER**

WHEREAS, the defendant Ruslan Kirilyuk was released from custody in this case on a $25,000 appearance bond with Ekaterina Drapkin as his surety; and

WHEREAS, the defendant was released on conditions that he make all future appearances in this Court; and

WHEREAS, the defendant failed to appear as ordered in this Court on February 7, 2017, in violation of the conditions of his release;

Based on the foregoing, and for good cause shown, IT IS HEREBY ORDERED that:

(1) Pursuant to Title 18, United States Code, Section 3146(d) and Rule 46(f)(1) of the Federal Rules

5

of Criminal Procedure, the appearance bond in this case of $25,000 is ordered FORFEITED; and

(2) Pursuant to Rule 46(f)(3)(B) and (C), the Clerk of the Court is directed to serve a copy of this Order and the Government's Motion Pursuant to Rule 46(f) for an Order Declaring the Bond Forfeited by U.S. mail on the following person at the following address:

> Ekaterina Drapkin
> 352 S. Bedford Drive
> Beverly Hills, CA 90212

**IT IS SO ORDERED.**

Dated: March 16, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge