UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

RUSLAN KIRILYUK,

          Defendant.

No. 2:14-cr-00083-GEB

**VOIR DIRE, INITIAL JURY INSTRUCTIONS, JURY INSTRUCTIONS DURING TRIAL IF REQUESTED BY A PARTY, PROPOSED CLOSING JURY INSTRUCTIONS, AND A PROPOSED VERDICT FORM**

Attached are the court's voir dire questions, initial jury instructions, instructions that may be given in the course of trial if a party makes the request, proposed closing jury instructions, and a proposed verdict form.

The bracketed optional language shall be clarified, and any proposed changes to these documents shall be filed as soon as feasible.

Defendant's following proposed voir dire question "to be asked by the court," submitted under the leave provided in the Trial Confirmation Order filed January 7, 2019, is discussed because it appears to ask the judge to make an expert witness designation in front of the jury that is inconsistent with Ninth Circuit Model Criminal Jury Instruction 4.14:

"8.    It is anticipated **expert witnesses** will be called by the government.  Is there anything that would cause you to

1

believe **the prosecution expert** simply based on the fact they are called as a witness by the prosecution?  If yes, please explain." (emphasis added)

The judge assumes that questions 15 and 16 in the judge's attached voir dire seek the essence of the information Defendant seeks in his question 8.  The judge disagrees with Defendant's position that the judge should designate witnesses as experts when communicating with jurors.  This requested designation is inconsistent with the following comment to Ninth Circuit Model Criminal Jury Instruction 4.14 (concerning opinion evidence and expert witnesses): "This instruction avoids labeling the witness as an expert.  If the court refrains from designating the witness as an expert, this will ensure that trial courts do not inadvertently put their stamp of authority on a witness's opinion and will protect against the jury's being overwhelmed by the so-called experts." (internal quotations and alterations omitted).  The Sixth Circuit expressed a similar concern in United States v. Johnson, 488 F.3d 690, 697-98 (6th Cir. 2007), as follows:

> We pause here to comment on the procedure used by the trial judge in declaring before the jury that [a witness] was to be considered an expert . . . .  When a court certifies that a witness is an expert, it lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality and detachment.  "Except in ruling on an objection, the court should not, in the presence of the jury, declare that a witness is qualified as an expert or to render an expert opinion, and counsel should not ask the court to do so."

(citations omitted)

2

Trial will commence at 9:00 a.m. on February 19, 2019.

Dated:  February 14, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**<u>VOIR DIRE</u>**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      No. 2:14-cr-00083-GEB

          Plaintiff,

   v.                  **VOIR DIRE**

RUSLAN KIRILYUK,

          Defendant.

        Thank you for your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our constitutional governmental structure.

        The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau please administer the oath to the prospective jurors.

        We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what is known as peremptory challenges.

        1. Counsel, the Jury Administrator has already

1

randomly selected potential jurors and their names are on the sheet you have been given in the order of the random selection. Each potential juror has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2.   I will ask potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card or number.  If no potential juror has a response, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response.  That could expedite the process.

3.   If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors.   I'm authorized to try to protect legitimate privacy interests, but also am obligated to avoid secreting an aspect of the proceeding absent a showing that secrecy is justified under a standard.

4.   The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately seven court days, after which it is anticipated that jury will commence deliberation.  Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m.  However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations.  Does the schedule pose a problem for any prospective juror?

5.   I will now have counsel may make any desired

introductions so that it can be determined whether any potential juror knows or has had contact with a person named, and the United States shall name anticipated witnesses it may call.

        a.    Do you know and or have you had any contact with a person just named?

      6.    This is a criminal case brought by the United States. The defendant, Ruslan Kirilyuk, is charged by the second superseding indictment with Wire Fraud, Mail Fraud, Aggravated Identity Theft, and Failure to Appear. The second superseding indictment alleges that between approximately October 2011 and March 2014, Mr. Kirilyuk worked with others in a credit card billing scheme that involved creating approximately 71 fake companies and then charging stolen and misappropriated credit card numbers for goods and services that the fake companies did not provide. After billing the cards, Mr. Kirilyuk and his co-schemers allegedly transferred the money from the fraudulent sales to bank accounts Mr. Kirilyuk and his co-schemers controlled, and then withdrew the money through ATM transactions and point-of-sale purchases. It is further alleged that in the course of carrying out this scheme, Mr. Kirilyuk and his co-schemers used interstate wire transmissions to complete the ATM transactions and the U.S. mails to receive mail in furtherance of the fraud. Mr. Kirilyuk also allegedly possessed and used the means of identification of another real person for purposes of carrying out the fraud scheme. It is also alleged that on February 7, 2017, Mr. Kirilyuk failed to appear for trial in this matter after he was advised of the penalties for failure to appear and previously confirming the trial date.

The defendant denies these allegations.  The second superseding indictment simply describes the charges the United States brings against the defendant.  The second superseding indictment is not evidence and does not prove anything.  Mr. Kirilyuk is presumed innocent of the charges unless and until the United States proves the defendant guilty beyond a reasonable doubt.

7.  Do the allegations cause any potential juror to prefer not being a juror on this case?

8.  Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

9.  Please raise your number if you have heard or read anything about this case before I told you about the allegations.

10.  Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

11.  The government alleges in this case that the identities of students in the San Juan Unified School District were stolen and used to open fraudulent businesses.  Is there anything about those allegations that could interfere with your ability to be a fair and impartial juror in this case?

12.  Have you, any member of your family, or any close friend attended school or worked in the San Juan Unified School District?

13.  Have you, any member of your family, or any close friend been investigated and/or arrested for a crime, or been the defendant in a criminal case?

14.  Do you have any religious and/or moral or other

objection to sitting in judgment of a person's conduct in a court of law?

15. Would you tend to believe the testimony of a witness just because of that witness's present or former status as a law enforcement officer, a criminal investigator, and/or a federal employee?

16. Would you tend to disbelieve the testimony of a witness just because of the witness's present or former status as a law enforcement officer and/or a criminal investigator, and/or a federal employee?

17. Have you ever served as a juror in the past, in any capacity?

a. State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

18. Have you, any member of your family, or any close friend ever been a victim of identity theft?

19. You are required to apply the law I will give you even if you believe a different law should apply. If you cannot agree to what I just said, please raise your number.

20. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

21. Do you have any problem with the rule of law that a defendant need not testify on his own behalf and that if a

defendant chooses not to testify, that factor may not be considered by you in your deliberations?

       22. Is there anything we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case, or that you suspect a trial participant would desire to know?

       23. The Courtroom Deputy Clerk will give the juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you respond.

       Please state:

         a.   your juror seat number;

         b.   your name and educational background;

         c.   the educational background of any person residing with you;

         d.   your present and former occupations; and

         e.   the present and former occupations of any person residing with you.

6

**INITIAL JURY INSTRUCTIONS**

INITIAL INSTRUCTION NO. 1

Jurors, I will now give you a few jury instructions. At the end of the trial I will give you more detailed instructions. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, or religion, national ancestry.

INITIAL INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits which are received in evidence; and
- any facts to which the parties agree.

INITIAL INSTRUCTION NO. 3

2        There are rules of evidence that control what can be

3   received in evidence.  When a lawyer asks a question, or offers

4   an exhibit in evidence and a lawyer on the other side thinks that

5   it is not permitted by the rules of evidence, that lawyer may

6   object.   If I overrule the objection, the question may be

7   answered or the exhibit received.  If I sustain the objection,

8   the question cannot be answered, or the exhibit cannot be

9   received.  Whenever I sustain an objection to a question, you

10  must ignore the question and must not guess what the answer would

11  have been.

12        Sometimes I may order that evidence be stricken from

13  the record and that you disregard or ignore the evidence.  That

14  means that when you are deciding the case, you must not consider

15  the evidence that I told you to disregard.

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIAL INSTRUCTION NO. 4

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may consider:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

- statements and arguments of the attorneys;
- questions and objections of the attorneys;
- testimony that I instruct you to disregard; and
- anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

INITIAL INSTRUCTION NO. 7

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium, including any form of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Because you will receive all the evidence and legal

instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you

follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INITIAL INSTRUCTION NO. 8

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

INITIAL INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INITIAL INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left on the seat you now occupy. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

1
2
3
4
5
**JURY INSTRUCTIONS THAT MAY BE GIVEN DURING TRIAL, IF A PARTY**
6                        **MAKES THE REQUEST**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          MID-TRIAL INSTRUCTION NO. 1

2              A language other than English will be used for some

3    evidence during this trial.  When a witness testifies in another

4    language, the witness will do so through an official court

5    interpreter.  When recorded evidence is presented in another

6    language, there will be a translation of the recording.

7              The evidence you are to consider and on which you must

8    base your decision is only the English-language [interpretation]

9    [translation] provided through the official court [interpreters]

10   [translators].  Although some of you may know the non-English

11   language used, you must disregard any meaning of the non-English

12   words that differs from the official [interpretation]

13   [translation].

14             [You must not make any assumptions about a witness or a

15   party based solely upon the use of an interpreter to assist that

16   witness or party.]

17

18

19

20

21

22

23

24

25

26

27

28

1          MID-TRIAL INSTRUCTION NO. 2

2          The parties have agreed what [name of witness]'s

3     testimony would be if called as a witness.  You should consider

4     that testimony in the same way as if it had been given here in

5     court.

MID-TRIAL INSTRUCTION NO. 3

        The parties have agreed to certain facts that have been
stated to you.  Those facts are now conclusively established.

　　　　　　　MID-TRIAL INSTRUCTION NO. 4

2　　　　　I have decided to accept as proved the fact that

3　[insert fact noticed], even though no evidence was presented on

4　this point, because this fact is of such common knowledge.  You

5　may accept this fact as true, but you are not required to do so.

MID-TRIAL INSTRUCTION NO. 5

You are about to [hear] [watch] [have heard] [watched] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you [hear] [heard] is controlling. [[After] [Now that] the recording has been played, the transcript will be taken from you.]

5

1    MID-TRIAL INSTRUCTION NO. 6

2         You [are about to [hear] [watch]] [have [heard]

3    [watched]] a recording in the Russian language. Each of you [has

4    been] [was] given a transcript of the recording that has been

5    admitted into evidence.   The transcript is an English-language

6    translation of the recording.   Although some of you may know the

7    Russian language, it is important that all jurors consider the

8    same evidence.   The transcript is the evidence, not the foreign

9    language spoken in the recording.   Therefore, you must accept the

10   English translation contained in the transcript and disregard any

11   different meaning of the non-English words.

1                     MID-TRIAL INSTRUCTION NO. 7

2           You [are about to [hear] [watch]] [have [heard]

3 [watched]] a recording in the Russian language. A transcript of

4 the recording has been admitted into evidence. The transcript is

5 an [official] English-language translation of the recording. The

6 accuracy of the transcript is disputed in this case. Whether a

7 transcript is an accurate translation, in whole or in part, is

8 for you to decide. In considering whether a transcript

9 accurately describes the words spoken in a conversation, you

10 should consider the testimony presented to you regarding how, and

11 by whom, the transcript was made. You may consider the

12 knowledge, training, and experience of the translator, the

13 audibility of the recording, as well as the nature of the

14 conversation and the reasonableness of the translation in light

15 of all the evidence in the case. Although some of you may know

16 the Russian language, it is important that all jurors consider

17 the same evidence. Therefore, you must not rely in any way on

18 any knowledge you may have of the language spoken on the

19 recording; your consideration of the transcript must be based on

20 the evidence in the case.

21

22

23

24

25

26

27

28

7

MID-TRIAL INSTRUCTION NO. 8

You [are about to hear] [have heard] testimony of a witness who [will be testifying] [testified] in the Russian language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Russian language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

8

MID-TRIAL INSTRUCTION NO. 9

You [are about to hear testimony] [are about to see evidence] that the defendant committed other acts not charged here. This evidence of other acts [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether the defendant: [had the state of mind, knowledge, or intent necessary to commit the crime charged in the second superseding indictment indictment;] or [had a motive or the opportunity to commit the acts charged in the indictment;] or [was preparing or planning to commit the acts charged in the second superseding indictment;] or [acted with a method of operation as evidenced by a unique pattern;] or [did not commit the acts for which the defendant is on trial by accident or mistake;] or [is the person who committed the crime charged in the second superseding indictment].

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he

must also have committed the acts charged in the second superseding indictment.

Remember that the defendant is on trial here only for wire fraud, mail fraud, aggravated identity theft, and failure to appear, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the second superseding indictment beyond a reasonable doubt.

MID-TRIAL INSTRUCTION NO. 10

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

MID-TRIAL INSTRUCTION NO. 11

You have heard evidence that a photo of the defendant was shown to [name of witness]. You may consider this evidence only for [specify admissible purpose] and not for any other purpose. Because the government obtains photos of many people from many different sources and for many different purposes, you must not infer the defendant committed this or any other crime from the fact that the government obtained and displayed the defendant's photo.

MID-TRIAL INSTRUCTION NO. 12

At the beginning of the trial, I described the charge[s] against the defendant. For reasons that do not concern you, [specify count[s] or charge[s]] [is] [are] no longer before you. Do not speculate about why the charge[s] [is] [are] no longer part of this trial.

The defendant is on trial only for the charge[s] of [remaining count[s]]. You may consider the evidence presented only as it relates to the remaining count[s].

13

**PROPOSED CLOSING JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, or national ancestry. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The second superseding indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

INSTRUCTION NO. 4

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence; and
- any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

- Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

- Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

- Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately

testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 10

You are here only to determine whether the defendant is guilty or not guilty of the charges in the second superseding indictment. The defendant is not on trial for any conduct or offense not charged in the second superseding indictment.

11

INSTRUCTION NO. 11

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 12

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

13

INSTRUCTION NO. 13

You have heard testimony of a witness who testified in the Russian language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Russian language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

INSTRUCTION NO. 14

The second superseding indictment charges that the offenses alleged in Counts One through Twenty-Eight were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts One through Twenty-Eight, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

INSTRUCTION NO. 15

You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 16

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

INSTRUCTION NO. 17

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

INSTRUCTION NO. 18

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

INSTRUCTION NO. 19

You have heard testimony from [name of witness], a witness who [received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]]; [received [benefits] [compensation] [favored treatment] from the government in connection with this case]; [[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime]; [pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

INSTRUCTION NO. 20

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants, to investigate criminal activities. Informants may use false names and appearances and assume the roles of members in criminal organizations.

INSTRUCTION NO. 21

You have heard testimony from [name] who testified to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 22

You have heard testimony from [name] who testified to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 23

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 24

        Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 25

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 26

An intent to defraud is an intent to deceive or cheat.

INSTRUCTION NO. 27

The defendant is charged in Counts One through Twenty-Four of the second superseding indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in

nature.   Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

INSTRUCTION NO. 28

The defendant is charged in Counts Twenty-Five and Twenty-Six of the second superseding indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the

30

scheme or plan was successful or that any money or property was
obtained.

INSTRUCTION NO. 29

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

32

INSTRUCTION NO. 30

The defendant is charged in Count Twenty-Seven of the second superseding indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person, Lindsay Dearman;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to wire fraud.

The Government need not establish that the means of identification of another person was stolen.

INSTRUCTION NO. 31

The defendant is charged in Count Twenty-Eight of the second superseding indictment with failure to appear in violation of Section 3146(a)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was released from custody under the Bail Reform Act;

Second, the defendant was required to appear in court or before a judicial officer on February 7, 2017;

Third, the defendant knew of this required appearance; and

Fourth, the defendant intentionally failed to appear as required.

INSTRUCTION NO. 32

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, or national ancestry.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your

opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 33

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial

process to start over.   If any juror is exposed to any outside
information, please notify the court immediately.

INSTRUCTION NO. 34

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 35

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 36

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

INSTRUCTION NO. 37

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**PROPOSED VERDICT FORM**

1

2

3

4                    UNITED STATES DISTRICT COURT

5                  EASTERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,          No. 2:14-cr-00083-GEB

8              Plaintiff,

9        v.                            **VERDICT FORM**

10  RUSLAN KIRILYUK,

11             Defendant.

12

13

14           We, the jury, unanimously find the defendant, Ruslan

15  Kirilyuk, as follows:

16

17  **AS TO COUNT 1 OF THE SECOND SUPERSEDING INDICTMENT:**

18  GUILTY      NOT GUILTY

                              Wire fraud, in violation of Title 18,
19                            United States Code Section 1343.

20  _____  _____

21

22  **AS TO COUNT 2 OF THE SECOND SUPERSEDING INDICTMENT:**

23  GUILTY      NOT GUILTY

                              Wire fraud, in violation of Title 18,
24                            United States Code Section 1343.

25  _____  _____

26

27

28

**AS TO COUNT 3 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY         NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____

**AS TO COUNT 4 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY         NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____

**AS TO COUNT 5 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY         NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____

**AS TO COUNT 6 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY         NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____

**AS TO COUNT 7 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY         NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____

**AS TO COUNT 8 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY     NOT GUILTY

                           Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 9 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY     NOT GUILTY

                           Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 10 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY     NOT GUILTY

                           Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 11 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY     NOT GUILTY

                           Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 12 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY     NOT GUILTY

                           Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 13 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____    _____


**AS TO COUNT 14 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____    _____


**AS TO COUNT 15 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____    _____


**AS TO COUNT 16 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____    _____


**AS TO COUNT 17 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____    _____

**AS TO COUNT 18 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                                        Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____


**AS TO COUNT 19 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                                          Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____


**AS TO COUNT 20 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                                          Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____


**AS TO COUNT 21 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                                          Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____


**AS TO COUNT 22 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                                          Wire fraud, in violation of Title 18, United States Code Section 1343.

_____   _____

**AS TO COUNT 23 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____    _____


**AS TO COUNT 24 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____    _____


**AS TO COUNT 25 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Mail fraud, in violation of Title 18, United States Code Section 1341.

_____    _____


**AS TO COUNT 26 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Mail fraud, in violation of Title 18, United States Code Section 1341.

_____    _____


**AS TO COUNT 27 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Aggravated identity theft, in violation of Title 18, United States Code Section 1028A(a)(1).

_____    _____

**AS TO COUNT 28 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY          NOT GUILTY

                              Failure to appear, in violation of
                              Title 18, United States Code Section
                              3146(a)(1).
_____  _____


DATED _____          FOREPERSON _____

7