UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSLAN KIRILYUK,<br><br>        Defendant. | No. 2:14-cr-00083-GEB<br><br>**ORDER TRANSMITTING CLOSING JURY INSTRUCTIONS, VERDICT FORM, AND SIMULTANEOUS INSTRUCTIONS TO THE COURT SECURITY OFFICER AND THE JURY** |

        Attached are the closing jury instructions, the verdict form, and the simultaneous instructions to the United States Court Security Officer and the jury.

**Dated:  February 25, 2019**




_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, or national ancestry. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

```
1                          INSTRUCTION NO. 2

2              The second superseding indictment is not evidence.  The

3    defendant has pleaded not guilty to the charges.  The defendant

4    is presumed to be innocent unless and until the government proves

5    the defendant guilty beyond a reasonable doubt.  In addition, the

6    defendant does not have to testify or present any evidence.  The

7    defendant does not have to prove innocence; the government has

8    the burden of proving every element of the charges beyond a

9    reasonable doubt.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2
```

INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

4

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence; and
- any facts to which the parties have agreed.

INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

- Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

- Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

- Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately

testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

You are here only to determine whether the defendant is guilty or not guilty of the charges in the second superseding indictment. The defendant is not on trial for any conduct or offense not charged in the second superseding indictment.

INSTRUCTION NO. 10

    A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 11

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 12

You have heard testimony of a witness who testified in the Russian language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Russian language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

INSTRUCTION NO. 13

The second superseding indictment charges that the offenses alleged in Counts One through Twenty-Eight were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts One through Twenty-Eight, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

INSTRUCTION NO. 14

You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 15

You have heard evidence that Anna Poyras, a witness, was convicted of a felony offense in an unrelated case. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

INSTRUCTION NO. 16

You have heard testimony from Anna Poyras, a witness who received benefits from the government in connection with this case. You have also heard testimony from Rouslan Akhmerov, a witness who pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Anna Poyras and Rouslan Akhmerov, you should consider the extent to which or whether her and his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Anna Poyras and Rouslan Akhmerov with greater caution than that of other witnesses.

INSTRUCTION NO. 17

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants, to investigate criminal activities. Informants may use false names and appearances and assume the roles of members in criminal organizations.

INSTRUCTION NO. 18

You have heard testimony from Stephanie Stewart who testified to opinions and the reasons for her opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 19

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 20

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 21

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 22

An intent to defraud is an intent to deceive or cheat.

INSTRUCTION NO. 23

The defendant is charged in Counts One through Twenty-Four of the second superseding indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in

nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

The defendant is charged in Counts Twenty-Five and Twenty-Six of the second superseding indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the

scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. 25

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION NO. 26

The defendant is charged in Count Twenty-Seven of the second superseding indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person, Lindsay Dearman;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to wire fraud.

The Government need not establish that the means of identification of another person was stolen.

29

The defendant is charged in Count Twenty-Eight of the second superseding indictment with failure to appear in violation of Section 3146(a)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was released from custody under the Bail Reform Act;

Second, the defendant was required to appear in court or before a judicial officer on February 7, 2017;

Third, the defendant knew of this required appearance; and

Fourth, the defendant intentionally failed to appear as required.

INSTRUCTION NO. 28

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, or national ancestry.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your

31

opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 29

       Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 30

        The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 31

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

INSTRUCTION NO. 32

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7  UNITED STATES OF AMERICA,          No. 2:14-cr-00083-GEB

8               Plaintiff,

9       v.                           **VERDICT FORM**

10 RUSLAN KIRILYUK,

11              Defendant.

12

13

14         We, the jury, unanimously find the defendant, Ruslan

15 Kirilyuk, as follows:

16

17 **AS TO COUNT 1 OF THE SECOND SUPERSEDING INDICTMENT:**

18 GUILTY      NOT GUILTY

19                            Wire fraud, in violation of Title 18,
                             United States Code Section 1343.

20 _____  _____

21

22 **AS TO COUNT 2 OF THE SECOND SUPERSEDING INDICTMENT:**

23 GUILTY      NOT GUILTY

24                            Wire fraud, in violation of Title 18,
                             United States Code Section 1343.

25 _____  _____

26

27

28

                              1

**AS TO COUNT 3 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 4 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 5 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 6 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 7 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 8 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY  NOT GUILTY
          Wire fraud, in violation of Title 18,
          United States Code Section 1343.

_____ _____


**AS TO COUNT 9 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY  NOT GUILTY
          Wire fraud, in violation of Title 18,
          United States Code Section 1343.

_____ _____


**AS TO COUNT 10 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY  NOT GUILTY
          Wire fraud, in violation of Title 18,
          United States Code Section 1343.

_____ _____


**AS TO COUNT 11 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY  NOT GUILTY
          Wire fraud, in violation of Title 18,
          United States Code Section 1343.

_____ _____


**AS TO COUNT 12 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY  NOT GUILTY
          Wire fraud, in violation of Title 18,
          United States Code Section 1343.

_____ _____

**AS TO COUNT 13 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 14 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 15 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 16 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 17 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

                      Wire fraud, in violation of Title 18, United States Code Section 1343.

_____  _____

**AS TO COUNT 18 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY       NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____  _____


**AS TO COUNT 19 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY       NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____  _____


**AS TO COUNT 20 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY       NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____  _____


**AS TO COUNT 21 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY       NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____  _____


**AS TO COUNT 22 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY       NOT GUILTY

Wire fraud, in violation of Title 18,
United States Code Section 1343.

_____  _____

**AS TO COUNT 23 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____    _____

**AS TO COUNT 24 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

Wire fraud, in violation of Title 18, United States Code Section 1343.

_____    _____

**AS TO COUNT 25 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

Mail fraud, in violation of Title 18, United States Code Section 1341.

_____    _____

**AS TO COUNT 26 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

Mail fraud, in violation of Title 18, United States Code Section 1341.

_____    _____

**AS TO COUNT 27 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY      NOT GUILTY

Aggravated identity theft, in violation of Title 18, United States Code Section 1028A(a)(1).

_____    _____

**AS TO COUNT 28 OF THE SECOND SUPERSEDING INDICTMENT:**

GUILTY        NOT GUILTY

Failure to appear, in violation of
Title 18, United States Code Section
3146(a)(1).

_____    _____

DATED _____        FOREPERSON _____

SIMULTANEOUS INSTRUCTIONS TO

THE COURT SECURITY OFFICER AND THE JURY

The Courtroom Deputy Clerk shall administer the oath to the United States Court Security Officer.

I will now communicate with the jury and the Court Security Officer simultaneously. Sir/Madam, the jury may adjourn deliberation as desired, without consulting with me; temporary adjournment from jury deliberation shall be under your general supervision. If the jury adjourns for lunch, a Court Security Officer shall immediately inform the Courtroom Deputy Clerk about the lunch adjournment so that my staff, the lawyers, the parties, and I can be relieved from standby status during the lunch adjournment. Jurors shall stay in the jury room until all jurors are ready to leave for a jury adjournment.

Jury deliberations shall occur, as needed, until 4:30 p.m. or later if that is your desire, until the jury adjourns for the evening; and the jury shall resume deliberations the next day commencing at 9:00 a.m. Should the jury adjourn later today, jurors are permitted tomorrow to proceed directly to the jury deliberation room, but jurors shall wait until all jurors are present before resuming deliberations because all jurors must be present when the jury deliberates.

A Court Security Officer will maintain a post outside the jury deliberation room to protect the jury from outside influences. The Court Security Officer will not communicate with a juror about the case or the court system because such conversations could be misconstrued as a communication that seeks to influence a juror. What I just said does not apply to any

1

note that a juror or the jury gives to the Court Security Officer, because the juror and/or the jury is required to tell the Court Security Officer that the jury has a note for the Judge. The Court Security Officer shall take possession of the note, and then immediately call the Courtroom Deputy Clerk so that she can obtain the note from the Court Security Officer and give it to me.

Each juror may continue possessing his or her cell phone or other communication device, but that device shall be turned off when the jury is engaged in deliberation. The Court Security Officer shall escort the jurors to the jury deliberation room.