UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSLAN KIRILYUK,<br><br>    Defendant. | No. 2:14-cr-0083-GEB<br><br>**ORDER DENYING SEALING REQUEST** |

On November 26, 2019 Defendant Ruslan Kirilyuk filed a notice on the public docket in which he states he "provides notice that he is requesting to file under seal: "(1) An18 page document, a 66 page document, a 5 page document and a 6 page document and (2) a Request to Seal Documents." Defendant's Notice, ECF 383. On November 26, 2019 Kirilyuk emailed the following documents to chambers for consideration of his sealing request: Defendant's Formal Objections to PSI (a document containing eighteen pages), a three-page Federal Bureau of Investigation 302 record, a six-page Federal Bureau of Investigation 302 record, and a Federal Bureau of Investigation document containing approximately sixty-five pages of a verbatim translation.

Kirilyuk has not shown that his sealing request should be granted. Further, Kirilyuk failed to adequately inform the public about the documents involved in his sealing notice. Kirilyuk also failed to demonstrate that the extent of sealing he seeks is justified. c.f. United States v. Kaczynski, 154 F.3d

1

930, 931 (9th Cir. 1998) (affirming decision providing the movant intervenors-appellees a redacted version of defendant's psychiatric competency report under the common-law right of access doctrine).

The Ninth Circuit has held that "the First Amendment right of access applies to sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir.2012). Kirilyuk has not shown that this right of access should not "extend[] to materials submitted to the Court in connection with sentencing that the Court is asked to consider." United States v. King, 2012 WL 2196674, at *1 (S.D.N.Y. 2012) (citations omitted); United States v. Dare, 568 F.Supp.2d 242, 244 (N.D.N.Y.2008) (stating "the public has a strong right to sentencing memoranda under the First Amendment").

Since Kirilyuk has not shown that his sealing request should be granted, it is denied. Therefore, the documents Kirilyuk submitted for sealing are treated as having been returned to Kirilyuk so that he can decide how to proceed. See Local Rule 141(e)(1) ("If a Request [for a sealing order] is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied").

Dated: November 27, 2019

GARLAND E. BURRELL, JR.
Senior United States District Judge